[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2008
THOMAS K. KAHN
CLERK

No. 07-15685
Non-Argument Calendar

_____

D. C. Docket No. 06-01841-CV-BE-E

SCOTT BOYKIN,

Plaintiff-Appellant,

versus

HONDA MANUFACTURING OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 29, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Scott Boykin appeals the district court's grant of summary judgment to

Honda Manufacturing of Alabama ("Honda") on his claim that he was discriminated against on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, et seq. Boykin was a Process Associate at Honda's open-area Alabama plant until he was terminated following an extended period of non-occupational long-term disability leave due to his chronic obstructive pulmonary disorder ("COPD"), also known as emphysema. The district court below held that Boykin was not a qualified individual with a disability under the Act, principally because his COPD was not an impairment that substantially limited him in a major life activity. Boykin challenges the district court's summary judgment dismissal of his discrimination claim on appeal.

We review de novo the district court's grant of summary judgment. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986). We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable doubts about the facts are resolved in favor of the non-movant.

2

Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

In order to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show: (1) he has a disability; (2) he is a qualified individual with or without reasonable accommodation; and (3) he was discriminated against because of his disability. Rossbach v. City of Miami, 371 F.3d 1354, 1356-57 (11th Cir. 2004). The ADA defines the first element of the prima facie case, disability, as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[1] 42 U.S.C. § 12102(2). The determination of whether an employee has a disability is done on a case-by-case basis. Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198, 122 S. Ct. 681, 692 (2002). There is no dispute that Boykin's COPD is a physical impairment, but Boykin has nevertheless failed to create a genuine issue of material fact with respect to his prima facie case.

---

[1] Boykin argues on appeal that he can prevail under prongs (B) and (C) of this analysis as well. Boykin failed to raise an argument below that he had a record of impairment, and therefore we will not consider this argument for the first time on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal citations and quotations omitted)). As for Boykin's "regarded as" argument on appeal, although not clearly raised below, we also find it foreclosed by Boykin's failure to dispute, pursuant to the court's order, Honda's statement of facts at summary judgment that established Honda did not regard Boykin as disabled as a result of his COPD. See Curran v. Kwon, 153 F.3d 481, 485-86 (7th Cir. 1998).

3

"In determining whether an individual is substantially limited in a major life activity . . . the following factors should be considered: 'the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment.'" Toyota, 534 U.S. at 196, 122 S. Ct. at 690 (quoting 29 C.F.R. § 1630(j)(2)) (alterations omitted). ADA plaintiffs must show that "the extent of the limitation caused by their impairment in terms of their own experience is substantial." Id. at 198, 122 S. Ct. at 691-92 (quotation and alternations omitted).

"When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 119 S. Ct. 2139, 2151 (1999); see also 29 C.F.R. § 1630.2(j)(3)(i) (requiring a showing that plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities"). A "class of jobs" is defined as: "The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical

4

area, from which the individual is also disqualified because of an impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(B). A "broad range of jobs in various classes" is defined as: "The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(C). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).

The district court held, and we agree, that Boykin's COPD does not substantially limit him in either of the two major life activities he identifies—breathing or working. Boykin is not substantially limited in the major life activity of breathing because his breathing problems are short—approximately one to three minutes in duration—and infrequent—no more often than approximately once a month. He manages his symptoms with two inhalers and does not require any additional breathing devices or an oxygen mask. Indeed, after use of an inhaler and after a few minutes of rest, Boykin is able to breath normally following a bronchial spasm. Therefore, his breathing is not "significantly" restricted as compared to the average person in the general population. His COPD also does

5

not substantially limit him in the major life activity of working because the evidence showed that Boykin is fully capable of working anywhere that did not expose him to the heat, humidity, dust, and pace of the Honda manufacturing line and, therefore, he is not disqualified from a class of jobs. Further, the fact that, at the time of his deposition, he was working two jobs hauling fertilizer and concrete, and was not under any medical restrictions with regard to those jobs or other jobs, shows that he is not disqualified from a broad range of jobs within various classes.

Having failed to demonstrate that his COPD substantially limits him in a major life activity, Boykin is not a qualified individual with a disability under the ADA. Having also failed below to properly raise challenges under either the record of impairment or regarded as prongs of the disability analysis, we are constrained to consider Boykin's additional arguments on appeal.[2] Accordingly, the district court's grant of summary judgment to Honda is

**AFFIRMED.**

---

[2] Regardless, we observe that our holding as to Boykin's failure to demonstrate that his COPD substantially limits him in a major life activity also forecloses his relying on a record of this impairment as a route to establishing a disability under the ADA. See Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1229 (11th Cir. 1999).